Charles D. Breitel, J.
The defendant Harman moves to dismiss the complaint pursuant to rule 113 of the Rules of Civil Practice. The plaintiffs sue for treble damages under the Federal Housing and Rent Act of 1947 (U. S. Code, tit. 50, Appendix, § 1881 et seq.) for alleged willful exaction of rent for housing accommodations in excess of the legally established maximum. The nature of the action places on the plaintiffs the burden of bringing themselves clearly within the terms of the statute which imposes the liability here sought to be imposed. The plaintiffs have not done so. When the defendant furnished the apartment and sublet it to the plaintiffs, the apartment became a new housing accommodation. (Delsnider v. Gould, 154 F. 2d 844, 847; Janes v. Noorbolm, 47 A. 2d 105 [D. C. Mun. App.]). The maximum rent previously established for the apartment unfurnished did not constitute the maximum for the rent accommodation, the furnished apartment. Under subdivision (c) of section 825.24 of the Federal Rent Regulations (Code of Fed. Reg., tit. 24, § 825.1 et seq.), the maximum rent for the furnished apartment was the first rent for the same — that is, the rent stipulated in the lease from the moving defendant to the plaintiffs subject, of course, under the regulations, to the Expediter’s right to order a decrease. True, the regulations require the landlord to register the accommodations within 30 days after the new renting and the rent received is subject to refund of any amount in excess of the maximum rent which may later be fixed by an order under section 825.25 (subd. [c], pars. [1] or [6]). Nevertheless, unless the Expediter makes an order reducing the maximum below the first rent, the latter remains the established maximum. (Janes v. Noorbolm, supra; Wilkerson v. Montgomery, 47 A. 2d 102 [D. C. Mun. App.].) The fixing of the maximum rent was within the exclusive competence of the Expediter. [Mira v. Mishaan, 91 N. Y. S. 2d 426, affd. 276 App. Div. 1008; Penner v. Geller, 193 Misc. 821.) It is undisputed that here the Expeditor never made an order reducing the rent for the furnished apartment below that prescribed in the plaintiffs’ lease. There is, in consequence, no basis upon which to compute any asserted overcharge and, in the absence of an order by the Expediter, the action is not maintainable. The motion to dismiss is, therefore, granted, without prejudice to a new action if a maximum rent is established by competent authority. Settle order.