ROBERT C. WEIDERMAN, Respondent, *v.* MARIE RECKLINGHAUSEN, Appellant.

Fourth Department, May 16, 1951.

*Rubin Brodsky* for respondent.

*John W. Branch* for appellant

VAUGHAN, J. Plaintiff instituted this action in Monroe County Court to recover treble damages against the defendant based upon an alleged rental overcharge for housing accommodations at 86 Hamilton Street, Rochester, N. Y., covering the period from July 18, 1949, to July 17, 1950.

At the close of all the evidence, the court directed a verdict for the plaintiff in the sum of $667.55 for the alleged overpayment of rental, attorney's fees, cost of fuel and electricity and disbursement.

The housing accommodations rented to plaintiff consisted of five rooms partly furnished with separate entrance located upon the ground floor of defendant's house.

Some seven years prior thereto and in May, 1942, joint use of housing accommodations located on the first floor of defendant's premises were rented to tenants by the name of Hunting. The defendant retained the exclusive use of one of the five rooms constituting the lower apartment. The tenant had the exclusive use of one of the rooms and the remaining three rooms including the toilet, bathroom, kitchen stove and other facilities were used jointly by the defendant and the Huntings. Thereafter and on May 25, 1942, the defendant registered the housing accommodation rented to the Huntings. It was described as consisting of four rooms. The rental was listed at $25 a month. The registration statement set forth that certain equipment and services included with the housing accommodation were on a share or joint basis or arrangement between the Huntings and the defendant landlord.

The Huntings vacated said premises in February, 1944, and thereafter the defendant, for a period of time, occupied the entire five room apartment by herself. Some time later she moved into the upstairs apartment.

About November 1, 1945, defendant rented the exclusive occupancy of the first floor apartment consisting of five rooms unfurnished to a family by the name of Bartholomay at a rental of $42 a month. In addition, the tenant was to furnish electricity and heat for the entire house. This was the first exclusive occupancy leasing of the housing accommodation located on the ground floor of defendant's house. Following vacation of the premises by the Bartholomays, the plaintiff and his family moved into the premises in question.

No registration statement was filed by the defendant other than the one filed in 1942 and no maximum rent was ever fixed by the Housing Expediter or the local State Rent Administrator covering the exclusive use and occupancy of the lower five-room apartment.

Plaintiff bases his right to recover for an alleged overcharge of rent upon the registration statement filed in 1942 showing the maximum rent for the four rooms registered, three of which were shared jointly with the landlord, to be $25 a month and the further showing that the rent collected during the term of his lease was $42 a month.

In the absence of a showing, of which there was none, that the housing accommodation furnished plaintiff in 1949 was the

same as that furnished Hunting in 1942, or a showing that a maximum rent less than that paid by plaintiff had been fixed by the Housing Expediter or local rent administrator, plaintiff cannot recover.

We feel that the trial court took the erroneous view that the registration statement filed in 1942 fixed the rent ceiling for the housing accommodation rented to plaintiff in 1949 and erred in excluding evidence offered by the defendant that the housing accommodation occupied by plaintiff was other than that covered by the 1942 registration.

" It may be that a rent once fixed for a particular housing accommodation is controlling until some other rent therefor is fixed; but that does not aid plaintiff because that simply means that the rent once fixed remains controlling as to the accommodation as to which it was fixed. It does not mean that it controls as to a different accommodation, and the point here is that this apartment furnished is a different accommodation from the same apartment unfurnished." (*Lyon* v. *Thompson,* 99 N. Y. S. 2d 922; see, also, *Maddox* v. *Arch Realty Corp.,* 100 N. Y. S. 2d 273.)

A more fundamental reason for denying recovery and dismissing plaintiff's complaint is that there has never been an order fixing the maximum rent for the housing accommodation occupied by plaintiff.

Failure to file a new registration statement does not make defendant liable for an overcharge or establish the fact that there was an overcharge. (*Lyon* v. *Thompson, supra; Maddox* v. *Arch Realty Corp., supra; Penner* v. *Geller,* 193 Misc. 821; *Woods* v. *Stone,* 333 U. S. 472.)

The rent called for by the leasing arrangement was tentative but not unlawful. In the absence of an order readjusting the rent at a lower figure than that agreed upon between the plaintiff and defendant, the plaintiff has no cause of action for recovery of any part of the rental exacted by the landlord.

There is no basis to be found in the record upon which to compute any asserted overcharge, and in the absence of an order by the Housing Expediter or local rent administrator, the action is not maintainable.

It follows that the judgment should be reversed on the law and facts, with costs and the complaint dismissed, with costs.

All concur. Present — TAYLOR, P. J., VAUGHAN, KIMBALL, PIPER and WHEELER, JJ.

Judgment reversed on the law and facts, with costs, and complaint dismissed, with costs.