DOMENIC DEL FUOCO, Landlord, *v.* WALLACE MATTESON, Tenant.

Municipal Court of the City of Syracuse, December 21, 1951.

*George H. Vinette* for landlord.

*Phillip L. Zenner* for tenant.

ABELSON, J. The petitioner, Domenic Del Fuoco, brought this summary proceeding against the respondent, Wallace Matteson, to evict the respondent from the premises now occupied by him, said premises being described as the lower flat at 2419 Lodi Street, Syracuse, New York.

Petitioner testified that there is due and owing him from the respondent the sum of $72, being three weeks' rental at the rate of $24 per week, payable in advance. The respondent in his answer sets forth that the legal rent for the premises was $18 per month and further alleges he has paid $24 per week from August 10, 1951, to October 1, 1951, and as a result of said payments his rent has been paid in full and that he does not owe the petitioner any back rent. Respondent has not filed a counterclaim but has instituted another proceeding to recover treble damages from the petitioner, which action is now pending.

It further appears that on August 14, 1951, the parties entered into a written lease for the premises in question, the premises leased being described as follows: Lower front apartment consisting of five furnished rooms, together with gas, electricity and heat, for the period of one year from the 10th of August, 1951, until August 9, 1952, at the weekly rent of $24 per week.

Evidence further shows that there was a registration filed on March 1, 1942, covering the first floor, 2419 Lodi Street, consisting of five rooms unfurnished. According to said registration no hot water, light or heat was to be furnished by the landlord.

It further appears that the present owner of the premises, the petitioner in this proceeding, after he executed the lease, did not file a registration certificate with the State Rent Administrator or file the lease executed by the petitioner and respondent with the Office of Rent Administrator. The petitioner testified that he purchased the property in question in 1947, and that he resided in the premises up to the time he rented the same to respondent. He testified that before the premises were leased to the respondent he caused the entire flat to be painted and decorated and furnished the same with new furniture, includ-

ing a new kitchen range, installed a bathtub, furnished electricity for lighting, hot water, heated the premises in question and supplied linens and kitchen utensils.

It must be borne in mind that this rental took place when the New York State Residential Rent Law (L. 1946, ch. 274, as amd.) was in force and effect and did not arise under the provisions of the Federal Housing Act.

The question to be decided by this court is whether or not the petitioner was within his rights in charging the rental which he did at the rate of $24 per week, or whether the rental was $18 per month according to a registration filed in 1942.

There is no question but what the unit in question is not the same unit covered by the 1942 registration inasmuch as the premises were completely furnished and other services rendered to the tenant. It is the contention of the respondent that inasmuch as there was no registration filed for the premises in question, the registration filed in 1942 controls.

It has been held in numerous cases in this State that the fact a registration was not filed and the further fact that there has never been an order fixing the maximum rent for the housing accommodations occupied, does not affect the rental charged and the rental charged is not unlawful but a tentative rental which can be changed by an order of the State Administrator.

The rent prescribed by the lease was a tentative agreement and as stated before was not unlawful. (*Weiderman* v. *Recklinghausen*, 278 App. Div. 289, affd. 303 N. Y. 633; *Lyon* v. *Thompson*, 199 Misc. 527.)

In *Lyon* v. *Thompson* (*supra*, p. 530) the court stated: " It may be that a rent once fixed for a particular housing accommodation is controlling until some other rent therefor is fixed; but that does not aid plaintiff because that simply means that the rent once fixed remains controlling as to the accommodation as to which it was fixed. It does not mean that it controls as to a different accommodation, and the point here is that this apartment furnished is a different accommodation from the same apartment unfurnished."

In *Maddox* v. *Arch Realty Corp.* (100 N. Y. S. 2d 276) the court held that where party furnished apartment and sublet it, apartment became a new housing accommodation, and maximum rent previously established for apartment unfurnished did not constitute maximum rent for furnished apartment. The fixing of the maximum rent was within the exclusive competence of the expediter.

It is undisputed that here the expediter never made an order reducing the rent for the furnished apartment below that prescribed in the petitioner's lease.

Section 21 of the New York State Rent and Eviction Regulations provides that if the landlord fails to file a proper registration statement, the State Rent Administrator may establish the maximum rent as provided in section 36 of the regulations.

Section 36 reads as follows: *" Orders where facts are in dispute, in doubt, or not known.* If the maximum rent, or any fact necessary to the determination of the maximum rent, or the dwelling space, essential services, furniture, furnishings, or equipment required to be provided with the accommodations, is in dispute between the landlord and the tenant, or is in doubt, or is not known, or where the landlord has failed to file a proper and timely registration statement pursuant to the provisions of the Federal Act, or these Regulations, or where the landlord has failed to file an application or report required by Section 35, the Administrator at any time upon written request of either party, or on his own initiative, may issue an order determining the facts including the amount of the maximum rent, the dwelling space, essential services, furniture, furnishings and equipment, required to be provided with the accommodations, or establishing the maximum rent on the basis of the maximum rents for comparable housing accommodations, after taking into consideration all other factors bearing on the equities involved. Any such order shall determine such facts or establish the maximum rent as of May 1, 1950, or as of the date of first renting after May 1, 1950, or as of the date of decrease of such dwelling space, essential services, furniture, furnishings or equipment after May 1, 1950, whichever is applicable ".

Under the foregoing sections the tenant, if dissatisfied with the rental charged has a remedy to apply to the administrator to have the maximum rent fixed for the premises in question.

It follows therefore that the respondent has failed to establish that the rent specified in his lease was in excess of a maximum rent established by statute or regulation.

After the case was tried and while awaiting briefs from the attorneys, the State Rent Administrator of the State of New York asked leave to appear and file a brief. The court granted the application and the State Rent Administrator immediately started a proceeding pursuant to section 36 of the New York Rent and Eviction Regulations to establish the maximum rent for the housing accommodations in question, and on December 19, 1951, issued an order establishing the maximum rent for the

premises at $20 per week as of August 10, 1951, the day the respondent entered into possession of the premises.

In view of the order establishing the maximum rent, I find that the tenant is indebted to the petitioner in the sum of $60, for the arrears from the time this proceeding was instituted, and further allow the respondent credit for $28, being seven weekly payments of $4 in excess of the maximum rent established by the State Administrator. The respondent is therefore indebted to the petitioner in the sum of $32.

It is therefore ordered that the petitioner herein be and he is hereby awarded possession of the property described in the precept herein, together with the costs of these proceedings. Order, however, is suspended until December 26, 1951. If respondent pays said sum of $32, together with the costs and disbursements, proceedings will be dismissed. Otherwise order will issue.