JOSEPH BROOKS, Plaintiff, *v.* 570 KOSCIUSKO REALTY COMPANY, INC., Defendant.

Municipal Court of the City of New York, Borough of Brooklyn, April 3, 1952.

*Charles Zigman* for plaintiff.

*Max M. Bernstein* for defendant.

HERZKA, J. This action was commenced in November of 1950 to recover an overcharge of rent for the months of February, March and April of that year.

The uncontroverted facts are: That the apartment involved consists of three rooms designated as Apartment No. 11, and that the aforesaid apartment was registered in November of 1943 with the Office of Price Administration for the sum of $40 a month as an unfurnished unit. In 1948 the character of the apartment changed. It was rented as a furnished apartment by the landlord. Subsequently, on February 1, 1950, the land lord rented the furnished unit to this tenant for $75 per month. The defendant landlord informed the Housing Expediter, the officer in control of rents, that the apartment had been changed from an unfurnished to a furnished apartment and that the rent was being increased to $75 a month. No order fixing the rent at $75 was entered by the Housing Expediter. The next fixation of rent was made by the State authorities when the State of New York assumed control over housing.

The landlord claims that since the nature of the apartment was changed from an unfurnished to a furnished apartment, that it had a right to collect an increased rental, and that failure to file a new registration statement does not make the defendant liable for an overcharge, citing the case of *Weiderman* v. *Recklinghausen* (303 N. Y. 633, affg. 278 App. Div. 289).

The facts in that case are to be distinguished from the case at bar. In the case cited by the defendant the housing accommodations, for which an additional rent was being collected, had been physically changed. The housing accommodation furnished to the plaintiff in the *Weiderman* case was not the same as that which was furnished to the preceding tenant. In this case, however, there has been no physical change in the apartment, no structural variances. The only change in the accommodation has been the addition of furniture and equipment. Other than the addition of furniture, the accommodations which have been let to this tenant are identical with the accommodations which were let to the tenant when the apartment was originally registered in 1943.

This department has reached the same conclusion in recent cases as was reached by the Appellate Term in the first department, to wit, that the mere addition of furniture to accommodations, which were theretofore unfurnished, does not create different housing accommodations, and if such conversion from an unfurnished to a furnished accommodation was effected subsequent to July 1, 1947, no increased rental may be collected without an order from either the Housing Expediter or the State Rent Administrator, depending upon the time the application was made.

In order to obtain an increase in the maximum rent it would be necessary to obtain from the Administrator or the Housing Expediter, as the case might be, an order based upon a substantial increase in furniture, furnishings or other essential services. (*2303 First Ave. Realty Corp.* v. *Balenter,* 106 N. Y. S. 2d 785; *Goldman* v. *Weiss,* N. Y. L. J., March 14, 1952, p. 1042, col. 5.)

Section 21 of the State Rent and Eviction Regulations, which were amended in February of this year, merely clarified the existing regulations and conformed with the practice and decisions of the courts.

This court, therefore, finds that the plaintiff is entitled to judgment in the sum of $105 representing an overcharge for the months of February, March and April of 1950. In its discretion, and in view of the testimony offered by the landlord, the court is limiting the damages to single damages.

The tenant is also entitled to a return of $29 representing the difference between the amount on deposit as security and the allowable maximum rent. (State Rent and Eviction Regulations, § 65.)

In addition counsel fee is fixed at $35.

Therefore, I find judgment in favor of the plaintiff against the landlord for the sum of $169.

When payment of the judgment is made the security will then be reduced to $46 and I order and adjudge that said plaintiff have judgment accordingly.