Robert O. Brink, J.
The plaintiffs brought an action against the defendants to recover triple damages, based on alleged overcharges of rent to the extent of $13 per month. The parties stipulated through their attorneys that by reason of the Federal Statute of Limitations, plaintiffs’ cause of action was limited to the period between February 15, 1950 and August 1, 1950. The action was brought under the Federal Housing and Rent Act (U. S. Code, tit. 50, Appendix, § 1881 et seq.) for the portion of the period preceding May 1, 1950 and under the State Residential Rent Law (L. 1946, eh. 274, as amd.) for the balance of the period. The case was tried at the November 1951 Term of Broome County Court, with a jury. At the end of the plaintiffs’ proof, the court granted defendants’ motion for a nonsuit on the grounds that the plaintiffs had failed to prove that the same premises rented and occupied by the plaintiffs had been registered with the Temporary State Housing Rent Commission.
The plaintiffs have moved for an order setting aside the judgment in favor of the defendants and directing a new trial under section 549 of the Civil Practice Act. The attorney for the State Rent Administrator has appeared, amicus curice by Emory Gardiner, Esq., of counsel, and has argued and submitted a brief in favor of the plaintiffs.
The plaintiffs took possession of defendants’ house located on Bornt Hill Road, R. D. 1, Endicott, New York, on June 1, 1948, *780 and paid an agreed rental of $30 per month from that time until August 1,1950.
Prior to, and at the time the plaintiffs moved in, extensive changes were made in this one-family dwelling. The defendants had registered the premises with the Federal rent control authority in April, 1946, at $17 a month. However, by reason of the alterations and physical changes in the building, the premises registered in 1946, cannot be considered as the same accommodations as the premises rented and occupied by the plaintiffs.
Prior to the time that plaintiffs moved in, the premises consisted of a five-room house. Three rooms on the first floor and two on the second, with no cellar wall or foundation under the building. No inside toilet or bathroom, a small kitchen, and without a porch. At the time these premises were registered, they were rented unfurnished. The alterations and changes made at the time plaintiffs moved in on June 1, 1948 included the installation of a bathroom, the construction of a cinder block foundation under the building, a new front porch, and a new and much larger kitchen. In addition, the defendants included in the rental of the premises the use of several articles of furniture.
The facts in this case are very similar to those in the Weiderman v. Recklinghausen (278 App. Div. 289, affd. without opinion 303 N. Y. 633). In the Weiderman case, the accommodations rented to the plaintiff consisted of five rooms, partially furnished with a separate entrance located on the ground floor. The premises had been previously registered as four rooms, three of which were jointly shared with the landlord. In the decision of the Appellate Division, Fourth Department, the court said (p. 291): “ A more fundamental reason for denying recovery and dismissing plaintiff’s complaint is that there has never been an order fixing the maximum rent for the housing accommodation occupied by plaintiff.
‘ ‘ Failure to file a new registration statement does not make defendant liable for an overcharge or establish the fact that there was an overcharge. ’ ’
In the case under consideration, the changes to the rented premises must be considered more than repairs. The installation of a bathroom where only an outside toilet was available at the time of registration certainly constitutes a substantial change in the physical character of the premises; also the enlargement of the kitchen and the construction of a front porch should be considered as an addition to the living accommodations. A foundation or cellar wall certainly adds immeasurably *781 to the warmth and enjoyment of the house. In addition to these changes, the premises were rented to the plaintiffs partially furnished. As in the Weidermcm case, it cannot he said that the premises rented hy the defendants to the plaintiffs were ever registered.
The learned attorney for the State Rent Administrator assumes in his argument and in his brief that the increase in rent is based only on furnishings and increased services. He criticized the language of the Appellate Division in the W eider-man case. It is the opinion of this court, with all due respect to the right of the Temporary State Housing Rent Commission to interpret its own regulations, even the State Rent Administrator cannot change facts. The alterations made in these premises by the defendants cannot he characterized as merely the furnishing of additional services. These improvements not only increased the floor space of the accommodation, but also changed the physical character of the premises.
The tenants, upon inquiry, could have compelled the landlord to reregister the premises. In fact, in September, 1950, after the plaintiffs moved out, the State rent control office approved an increase in the rental to $24 per month, by reason of some of these improvements. The basis of an action to recover for rent overcharges is a rental registration, approved hy the rent control authority, for the same premises.
If the housing accommodation has been so changed that it can no longer be considered the same premises, and has not been reregistered, there is no way that an overcharge can he established.
Plaintiffs’ motion for an order setting aside the judgment and directing a new trial is denied.