MARGARET STRUNK, Respondent, v. ROBERT E. HAYES, Appellant.— Order of the Onondaga County Court and judgment of the Syracuse Municipal Court modified in accordance with the memorandum and as modified affirmed, without costs of this appeal to either party. Memorandum: An examination of the record in *Weiderman* v. *Recklinghausen* (278 App. Div. 289, affd. 303 N. Y. 633), shows a far different factual situation than is shown by this record. In that case the original registration showed that the landlord had retained the exclusive use of one room, the tenant had the exclusive use of one room and three rooms were used jointly by the landlord and the tenant; when the premises were rented to Weiderman he had the exclusive use of all five rooms, the defendant landlord having moved to the second floor apartment. Here the only change was the installation of furniture, and furnishing of lighting and gas for cooking. " The addition of furniture to an unfurnished apartment does not create a new and different housing accommodation. Therefore, the landlord may not collect more than the established maximum rent for the housing accommodation unfurnished unless or until " a new order fixing additional rent is made by the rent administrator. (*Baum* v. *Crosfield,* 279 App. Div. 1088.) We think however that the recovery here should be limited to the actual overcharge plus attorney's fees, costs and disbursements and the judgment should be amended

accordingly. All concur. (Appeal from an order of Onondaga County Court affirming a judgment of Syracuse Municipal Court in favor of plaintiff in an action to recover for overcharge of rent.) Present — Taylor, P. J., Vaughan, Kimball, Piper and Wheeler, JJ.