**UNITED STATES v. SHAW.**
Crim. 5531-C.

United States District Court
W. D. New York.

Dec. 1, 1953.
On Reconsideration Feb. 26, 1954.

John O. Henderson, U. S. Atty., Buffalo, N. Y., for the Government, by Richard E. Moot, Asst. U. S. Atty., Buffalo, N. Y.

Robert B. Myers, Rockville, Md., for defendant, by Arnold J. Olena, Buffalo, N. Y., of counsel.

KNIGHT, Chief Judge.

Defendant has filed a petition to set aside the judgment of his conviction on a plea of guilty to an indictment for violation of Title 50 U.S.C.A.Appendix, § 462(a) and for leave to withdraw his plea of guilty thereto.

From the petition it appears that defendant was charged with violation of Title 50 U.S.C.A.Appendix, § 462(a) in that he failed to report on January 8, 1951, for induction into the military services of the United States as ordered by Local Board No. 78, Lafayette, Indiana; that he was brought before this Court, entered a plea of guilty and sentenced to be committed for a period of two years in an institution thereafter designated to be the Federal Correctional Institute, Danbury, Connecticut.

The defendant was born in Peiping, China, on December 5, 1924, and is a citizen of the United States.

It further appears that on or about September 15, 1948, defendant filed his Selective Service Classification Questionnaire (SSS Form 100) with the Local Board No. 78 at Lafayette, Indiana, which Form set forth that date of his birth as December 5, 1924; that the Local Board on or about December 21, 1950, mailed its order for defendant to report for induction on January 8, 1951; that defendant because of his religious objections to war, refused to be inducted and the matter was thereafter referred to the United States Attorney for the District, who presented the facts to the

proper Grand Jury; that a true Bill against defendant was found by the Grand Jury, whereupon defendant was arrested, plead to the indictment, was convicted, sentenced and has served the sentence imposed.

After completion of his sentence, defendant learned that he should never have been indicted, arraigned, plead and sentenced for the reason that he had attained the age of twenty-six years prior to the issuance of the order for induction and had not consented to induction. 50 U.S.C.A.Appendix, §§ 454, 466.

The matter comes to this Court practically as a writ of error *coram nobis*. Defendant includes in his petition an excuse for having entered a plea of guilty by reason of his failure to know his right to counsel; that he had no advice of counsel; that he informed the United States Attorney and a court employe of his age but that they either did not know the draft age limitation or declined to advise defendant with respect thereto, so that defendant believed his only recourse was to "throw himself on the mercy of the Court." Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461.

Defendant now suffers from the judgment improperly obtained. The conviction which he suffered was not in accordance with law. He has served his sentence, but to dismiss defendant's petition as moot would not square with our standards. Fiswick v. United States, 329 U.S. 211, 67 S.Ct. 224, 91 L.Ed. 196.

Defendant's motion is granted. Present order in accordance herewith.

## On Reconsideration

KNIGHT, Chief Judge.

After filing my opinion in this case on December 1, 1953, the Assistant United States Attorney orally asked leave to present further data and his request was granted.

The Government, after having made oral objections, handed me a copy of a letter addressed to the Department of Justice, Criminal Division, dated December 21, 1953, as follows:

"The above defendant was sentenced July 9, 1951 to two years in confinement for violation of the Selective Service Law by refusal to report for induction. He has now served his term and files the enclosed petition to have the conviction and sentence removed from his record.

"I have objected on the following grounds:

"(1) That, in substance, the proceeding is brought under Section 2255. Title 28, U.S.Code, and cannot be maintained after the defendant has served his term unless he is in confinement as a second offender.

"(2) That no material injustice has occurred because, although defendant was incorrectly indicted for failure to report for induction after he reached the age of 26, he did, in fact, violate the law prior to his 26th birthday by failing to report for his physical examination and apparently by failure to register for several years after his return to this country. Both of these violations of the Act by the petitioner contributed to the fact that his order for induction was delayed until after his 26th birthday.

"(3) An examination of the petition indicates that in certain respects it was not filed in good faith and that the petitioner has not come into Court with clean hands."

It will be noted that objection "(2)" of the letter contains the concession by the Government that *"defendant was incorrectly indicted for failure to report for induction * * *."* (Emphasis added.) The Government objects to the Court entertaining defendant's motion and takes the position that "no material injustice has occurred" (but see Fiswick v. United States, 329 U.S. 211, 67 S.Ct. 224, 91 L.Ed. 196) because defendant violated the law in some other manner

than that for which he was indicted. To this position the Government has added that the defendant does "not come into Court with clean hands." The contention is fallacious. Proof of a crime not within the indictment would be inadmissible.

■ In addition to the facts and information previously stated, the Government submits the following in its answer to defendant's petition:

"(1) Prior to his 26th birthday, on November 22, 1950 defendant was ordered by his Local Draft Board to report for an armed forces physical examination on November 29, 1950 and did not comply with this admittedly valid order (Exhibit No. 1).

"(2) This was a violation of Section 462(a), Title 50, U.S.C.A.Appendix, the very section cited in the indictment and well known to be a violation of the law by petitioner's father before he requested Your Honor's permission to submit this petition. See the last paragraph of Exhibit No. 2, where the State Director brought this matter to his attention. Petitioner's claim, Page 4 of the petition, that he did not believe he had violated the law cannot be fairly reconciled.

"(3) In October 1950, prior to the Local Draft Board's order to report for physical examination or induction, the defendant wrote the Board, "If I am asked by the United States of America to serve in her armed forces in any capacity or to help produce destructive weapons in her industries for her armed forces, I will refuse." (Exhibit No. 3) and on January 1, 1951, after receiving his order to report for induction, defendant wrote, "It is with full awareness of the laws of the United States of America that I refuse the draft call, for the laws are not infallible in righteousness." (Exhibit No. 4) Petitioner has not brought these facts to the attention of the Court, but claims, on Page 5, "Your petitioner tries hard to be a good American and to abide by its laws * * *".

"(4) Defendant was denied no right or opportunity at the time of sentence. He appeared six times before this Court (see minutes). He not only waived counsel April 30, 1950 but "refused counsel" (Page 2, Exhibit No. 6). He was questioned by Your Honor (Exhibit No. 7 and supporting files). He was not alone, friendless or uninformed. His uncle, a man of years and experience, with whom he lived, accompanied him at his hearing before this Court (Page 2, Exhibit No. 6 and pre-sentence report). Petitioner had completed three terms of R.O.T.C. training while studying aeronautical engineering at Purdue University (Page 3, Exhibit No. 8). Defendant indicated his willingness to plead guilty by his own signature (Exhibit No. 9).

"(5) Petitioner's statement (Page 5): "Your petitioner did verbally inform the United States Attorney and a Court employee of his age and raised the question of whether or not he was subject to induction, but that they either did not know the draft age limit or declined to counsel him on that point." It is apparently inaccurate or a falsehood (see affidavits of Assistant United States Attorneys (Exhibits 10 and 11). Nor did the defendant in questioning by Your Honor raise the question (Exhibit 7); nor is it supported by his father's letter (Exhibit 12), specifying various errors after three visits with his son following his sentence and confinement (Exhibit 13).

"(6) The petitioner's refusal to report for physical examination so he could be validly inducted prior to his 26th birthday was not justified by valid "religious objections" claimed on Page 2 of his petition.

The Local Board found otherwise and on reconsideration, requested by Your Honor (Exhibit 14), affirmed their decision (Exhibit 15). The good faith of his claim was denied in the pre-sentence report and questioned by Your Honor (see report and Exhibit 7).

"(7) Petitioner now fails to inform the Court he completed three terms of college R.O.T.C. training, worked at McDonnell and Bell Aircraft Companies, and was employed at the Chevrolet Aircraft Engine Plant (see Exhibit 8 and pre-sentence report)."

Nothing seems to have been added by the further facts and information now submitted which affects the recognized responsibility imposed upon the Court to correct a jurisdictional error within its power when brought to its attention.

There has been no change in the indictment wherein the grand jury charged:

"On or about the 8th day of January, 1951, Stephen Hall Shaw, a male person residing in the United States, did, in the District of Northern Indiana, knowingly fail and neglect to perform a duty under the Selective Service Act of 1948, as amended, and of a regulation made and given thereunder in that he, the said Stephen Hall Shaw, being then and there between the ages of 19 and 26 years, did fail and refuse to report for induction into the military forces of the United States as directed by Indiana Local Board No. 78, Lafayette, Indiana, which said Board was and is a Local Board organized and created under the provisions of said Act and the regulations made thereunder, which direction was contained on Order to Report for Induction (SSS Form 252) and duly mailed on the 21st day of December, 1950, to the said Stephen Hall Shaw by said Local Board requesting and notifying the said Stephen Hall Shaw to report on January 8th, 1951, for induction into the military forces of the United States, in violation of Section 462(a), Title 50 Appendix of the United States Code."

What else could or might have been charged in the indictment, which is here limited to defendant's failure to report on January 8, 1951 for induction into the military forces of the United States, is beside the point. People v. Gates, 13 Wend., N.Y., 311, 317.

The affidavits of two Assistant United States Attorneys, submitted and referred to in "(5)" of the answer and who appeared for the Government in handling the case, merely state their general practice in such cases. They have no independent recollection of this defendant, or any defendant, ever raising the question of being over the age of twenty-six years and claiming he was not, for that reason, subject to induction into the military forces under the Selective Service Act. At any rate there is no claim that the attention of the Court was specifically directed to the over-age of the defendant with respect to its effect upon his conviction. When the attention of the Court was called to the effect of defendant's age the Court hastened to correct its judgment and sentence and now adheres to the previous determination. Barber v. United States, 4 Cir., 142 F.2d 805, 807; United States v. Mayer, 235 U.S. 55, 35 S.Ct. 16, 59 L.Ed. 129; Roberts v. United States, 4 Cir., 158 F.2d 150; United States v. Morgan, 2 Cir., 202 F.2d 67. The error seems to be of fundamental character, such as rendered the conviction, judgment and sentence of defendant irregular and invalid.

Other matters called to the attention of the Court by defendant including the plaintiff's failure to conform with the regulations respecting review of defendant's classification which seem to have merit are not passed upon in view of the foregoing. In the circumstances the Court adheres to its previous determination.

Present order accordingly.