WARREN POWLESS, Appellant, v. TERESA ROMNEY, Respondent.

County Court, Niagara County, March 15, 1955.

*Scalzo & Scalzo* for appellant.

*Edward D. Maroney* for respondent.

KRONENBERG, J. Action for rent overcharge. Plaintiff, as tenant, occupied premises in Niagara Falls for over two years, moving out at the end of July, 1953. Shortly thereafter he sued defendant landlord for the difference between the rent paid ($17 per week) and the ceiling rent of $18.40 per month. Defendant counterclaimed for damage to the apartment. The Niagara Falls City Court found no cause of action on either the complaint or counterclaim. Plaintiff appeals to this court.

The alleged overcharge took place in 1953 and the latter part of 1952 and, accordingly the State Residential Rent Law (L. 1946, ch. 274, as amd.) applies, not the Federal Housing and Rent Act which controlled until May 1, 1950. (L. 1950, ch. 250, § 3.) The State act (L. 1950, ch. 250, § 4) provides that the maximum rent thereunder shall be the same as the maximum prevailing March 1, 1950, under the Federal act. The record in this case indicates that such ceiling was $18.40 per month. Thus the problem presented is whether alterations in the premises were such as to make them substantially different from the registered premises.

The statement in *Silver* v. *Comminous* (60 N. Y. S. 2d 123), " All plaintiff need prove is the ceiling rent and the rent paid," is misleading in its simplicity, as the following discussion will show.

It appears to be settled law that minor changes in the facilities afforded the tenant do not affect the ceiling unless and until the

rent controlling authority approves an increase. Major changes in such facilities make the premises different from the premises which had been registered, and the landlord may charge and receive an increased rental, subject to possible veto by the controlling authority. There has been no such veto here. The State and Federal statutes were, in the main, alike on this point.

In each case when this issue arises, the question is the always troublesome one of degree—are the increased facilities minor or major?

A change from unfurnished to furnished, and the doing of decorating and repairing are plainly minor matters and do not remove the registered ceiling. There must be a physical change in the house accommodations. (*Brooks* v. *570 Kosciusko Realty Co.*, 203 Misc. 400.)

In *Weiderman* v. *Recklinghausen* (303 N. Y. 633), the change was from one room plus three shared to five rooms, none of them shared. This was such a change that the landlord was thereby authorized to increase the rent.

On the other hand, *Powell* v. *Park Lex. Realty Corp.* (304 N. Y. 960), involved a change from one and one-half rooms to two and one-half. This was held not sufficient to affect the registered ceiling. A similar result was reached in *Strunk* v. *Hayes* (281 App. Div. 1006), where the only changes were the addition of furniture, lighting, and gas for cooking, and in *Vitale* v. *Walsh* (110 N Y. S. 2d 827), where linen service, garage, gas, and electricity were added.

In *Campbell* v. *Stilson* (111 N. Y. S. 2d 612), the addition of a bathroom, foundation, porch, kitchen, and furniture was held to remove the premises from under the registered ceiling. The landlord in *Del Fuoco* v. *Matteson* (202 Misc. 247), added furniture, gas, electricity, heat, range, bathtub, hot water, linens and kitchen utensils. These added facilities were held sufficient to terminate the registered ceiling, and a similar result was reached in *De Jesus* v. *Greenland Holding Corp.* (122 N. Y. S. 2d 857), where a kitchenette, shower and toilette were added.

Certain facilities added by defendant should be disregarded as being too minor to affect the applicability of the registered ceiling under any of the above citations. These are linoleum, shingling, plastering, and papering, all of which are merely repairs or decorating. Also use of the chimney for a television antenna is of no importance on this issue, nor was parking cars in the yard a material matter.

The landlord also added the following: refrigerator, range (gas was paid for by tenant by carmarking $3 of the monthly

rent therefor), central heating system and heat, hot water, trench wall to close open area underneath apartment, shower, and cupboards. These added facilities were so substantial that the premises were thereby removed from the old ceiling, as in the *Campbell, Del Fuoco,* and *De Jesus* cases. The new rent of $17 per week was, of course, subject to review by the Rent Commission, but the plaintiff did not obtain review and no penalty attaches here to defendant for failing to report the change in rent. (*Weiderman* case, *supra.*)

The alleged errors relating to admission of testimony are found not to have been prejudicial. The evidence in support of defendant's counterclaim was unimpressive and, in any event, defendant did not appeal.

The judgment of the City Court of Niagara Falls, is, in all respects, affirmed. Submit order.