Joseph M. Conroy, J.
This is a consolidated action, tried by the court without a jury.
In one of the two actions consolidated, Frederick A. Pope seeks to recover from George Saklaris upon three causes of action: overcharges in rent; treble damages; and attorney’s fees. In the other action, Saklaris seeks to recover from the Evangelistas and Bernardinos (hereinafter referred to as defendants) the damages sustained by him as a result of their fraud plus whatever damages Pope recovers against him.
Pope is clearly entitled to recover on his first and third causes of action, the second cause of action (for treble damages) having been withdrawn on the trial. Accordingly, judgment is rendered in his favor in the sum of $492.50 ($392.50 on his first cause of action; $100 on his third).
In the Saklaris action the pertinent facts, as the court finds them, are as follows: By contract dated March 28,1952, Saklaris agreed to purchase and defendants to sell a two-family house for $22,500. In that contract defendants represented that 1 ‘ Both apartments were owner-occupied prior to rent control and since have never been registered.” This was not the fact. Both apartments had been registered at respective monthly rentals of $55, the first-floor apartment in 1943 by defendants’ grantor, the second-floor apartment in 1947 by defendants themselves.
After delivery of the deed on May 15, 1952, Saklaris moved into the first-floor apartment and in August of 1952 he rented the second-floor apartment to Pope for $95 a month. In 1954 Pope learned that his apartment had been registered at $55 a month and instituted a proceeding to have the maximum rent established for it. As of May 1, 1953, the maximum rent was established at $63.25 a month, which included the equalization adjustment, and as of February 19, 1954, it was established at $68.25 a month under subdivision 4 of section 33 of the State Rent and Eviction Regulations, which provides, in pertinent part, that “ The Administrator may grant an appropriate *783 adjustment of the maximum rent in the amount requested provided that the adjustment shall not result in a maximum rent higher than the rents generally prevailing in the same area for substantially similar housing accommodations,”
Defendants knowingly misrepresented a material fact upon which Saklaris relied to his damage. There was no merger of that misrepresentation in the deed. (Hellinger v. Abeles, 128 N. Y. S. 2d 624, affd. 283 App. Div. 726.) Nor was Saklaris under any legal duty to conduct an independent inquiry into the truth or falsity of the representation. (Kaston v. Zimmerman, 192 App. Div. 511, 518-517.) Under such circumstances, he is entitled to recover “ the difference between the market value of the premises if they had been as represented and their actual market value.” (Ettlinger v. Weil, 184 N. Y. 179, 182.) The testimony of the respective experts on the question of value was in irreconcilable conflict. The court accepts that of neither, bnt finds instead that the value of the premises if they had been as represented was $22,500 and their actual market value, $20,500. Saklaris was, therefore, damaged in the sum of $2,000 as a result of defendants’ fraud and judgment is rendered in his favor in that amount.
Saklaris is not, however, entitled to judgment over against defendants for the overcharges which Pope has recovered against him. While the parties speak loosely of decontrol, neither of the apartments was decontrolled on March 28, 1952. In other words, Saklaris, believing defendants’ representation that the apartments had never been registered, was under the duty to file a proper registration statement. (State Bent and Eviction Begulations, § 21, subd. 4.) Had he done so, he would have learned that the apartments had been registered and could have sought the establishment of a maximum rent for each. The overcharges, therefore, were the result of Ms inaction rather than defendants’ misrepresentation.
Submit judgment in accordance with the foregoing.