William E. Ringel, J.
This is an appeal by the defendant from the denial of her petition for a writ of error coram nobis.
The facts in this case are as follows: The defendant owned a house, in Brooklyn containing three apartments, one of which she rented to the complainant on or about May 29, 1948. Defendant had advertised this apartment for rent in a newspaper, the Brooklyn Eagle, on the same date, as “ 4 Rooms ”. This apartment had been registered with the Office of Price Administration in 1943, at which time the maximum rent for said premises was fixed at $10 per week. However, the defendant demanded and received from the complainant, the sum of $16 per week for this apartment.
For this alleged overcharge, she was tried and convicted in the Magistrate’s Court, on March 22, 1949. The complaint on which she was tried alleged a violation of subdivision b of section U41-8.0 of the Administrative Code of the City of New York, in that she overcharged the sum of $6 per week as rent, for each week, for the period May 29, 1948 to July 30, 1948, inclusive.
*9 Defendant filed a notice of appeal from this conviction dated April 5, 1949, but the appeal was dismissed by the Appellate Part of this court, by order dated February 10, 1950, for failure to prosecute the appeal. There is no record in the file that notice of the dismissal had been forwarded to the defendant.
On March 3, 1959, the defendant moved in the Magistrate’s Court for a writ of error cor am nobis and a hearing on this writ was held on May 5, 1959. Application for the writ was denied by decision dated May 21, 1959.
This hearing covered substantially the same testimony that was adduced at the 1949 trial. The minutes of the 1949 trial were offered in evidence by the defendant, but no ruling on their reception was made by the court nor did the defendant press the matter any further.
Defendant urges the granting of the writ on several grounds:
(1) that the complainant suppressed certain evidence, a letter from the Office of Federal Housing Expediter, defendant’s Exhibit C which she claims clearly showed that the maximum rent of $10 per week was not in effect during the period in question, and that this was a fraud on the court which requires reversal.
(2) that the apartment rented to the complainant in 1948 was larger and supplied more services than the apartment which was registered with the Office of Price Administration in 1943 for which the $10 per week maximum rent was fixed, and that accordingly, defendant could legally charge rent above that of $10 per week.
(3) that defendant’s Exhibit C clearly shows that the maximum rent of $10 per week, fixed by the Office of Price Administration in 1943, was vacated and that the maximum rent of $10 per week did not go into effect until November 8, 1948.
Defendant’s Exhibit O is dated March 3, 1949, 19 days before the original trial. It was addressed to the complainant and was never offered in evidence at that trial. Both complainant and defendant stated at the hearing that they never received it. If the complainant had received it, and had willfully suppressed it, thus imposing a fraud on the court, such act would not constitute grounds for a reversal or granting of the writ, unless the prosecutor participated in such action. There is nothing in the record to show that the prosecutor had any part in the alleged fraud, and accordingly this contention is without merit. (People v. Fanning, 300 N. Y. 593; People v. Sadness, 300 N. Y. 69.)
*10 As to defendant’s second contention, if there had been a change in occupancy of the rented premises, or additional services were supplied, it was incumbent on the defendant to request and obtain an increase in the maximum rent fixed. She could not do this ex parte. (Powless v. Romney, 207 Misc. 449; Johnson v. Andrews, 285 App. Div. 983.)
The validity of defendant’s third contention devolves about the interpretation of the language in Exhibit C. Did this letter set aside the maximum rent of $10 per week for the period in question? If it did, no offense was committed and the writ should be granted, for the reasons herein set forth. This letter dated eight months after the alleged violations took place, states to the complainant that a review of the order fixing the maximum rent was being had at the request of the defendant landlord; that the Area Bent Director had heretofore fixed the maximum rent at $10 per week because the same premises were involved which were registered in December, 1943, and that accordingly the order of $10 per week maximum rent was made effective from July 1, 1947; that the facts regarding the apartment were in dispute or unknown and that it was proposed to modify the order of the Bent Director by deleting therefrom the effective date of July 1, 1947; that the maximum rent of $10 per week with the services of a private bathroom would therefore be effective prospectively from the date of the Bent Director’s order. (Emphasis supplied.)
Defendant contends that the maximum rent was thereafter fixed at $10 per week, as of November 8, 1948, as set forth in her Exhibit I. However, defendant’s witness, a clerk from the local rent commission, stated he could not tell from his records if defendant’s Exhibit I referred to the complainant’s premises.
BY THE COURT
“ Q. What was the original registration? A. The original registration was ten dollars per week.
“ Q. Was there a change then? A. Effective November 8, 1948, ten dollars per week.
“ Q. Then it stayed the same? A. No. There was some order which I haven’t got. There is an order which is in the warehouse that made it effective as of November 8,1948, for ten dollars a week. Whether there was any change or not, I don’t know. Whether it is for the same apartment, I don’t know.
11 Q. These records were available on March. 23, 1949 ? A. Oh, Yes! sure.”
*11 Application by defendant for a continuance to enable her to get these additional records was denied by the court.
A detailed examination of defendant’s Exhibit I, shows that it is an order establishing maximum rents for all three apartments in the building in which complainant was one of the tenants. The other two tenants in the building had maximum rents fixed at $8 and $18 per week respectively, according to Exhibit I. The order for the former apartment was issued effective May 1, 1950, but the order itself was “ issued May 24, 1951 ’ ’. The order for the latter apartment was issued effective November 1, 1943.
As to complainant’s apartment: Exhibit I shows the original order was effective as of November 1, 1943, and item C, paragraph 7 of the exhibit states “ The maximum rent for this dwelling unit is: $24.00 per week ’ ’ and that such rental was first charged on April 15, 1948.
Paragraph 8 of section C of defendant’s Exhibit I states “ order issued by Bent Director dated November 8, 1948 established maximum rent is amount of $10.00 per week ”.
From these exhibits it is clear that the Bent Director did not always issue his orders and findings before the effective dates specified therein. It is further clear, that the letter, defendant’s Exhibit C, referred to complainant’s apartment as set forth in defendant’s Exhibit I, and vice versa. Beading these two exhibits together, it is further evident that there was no order fixing a maximum rent of $10 per week for the period in question, covering the complainant’s apartment, and that the order fixing same did not become effective until November 8, 1948. Apparently, for the period in question, the maximum rent was $24 per week (defendant’s Exhibit I, § C, par. 7).
It must be concluded therefore, that no offense was committed by the defendant during the period in question as charged in the complaint.
We are now faced with the question, as to whether, under the circumstances, the writ of error coram nobis, should be allowed.
The time for the defendant to appeal to the Court of Appeals from the order of dismissal of this court dated February 10, 1950 has long expired. (Code Crim. Pro., §§ 519-521.)
It is clear that the defendant did not violate subdivision b of section U41-8.0 of the Administrative Code of this city for" the period as alleged in the complaint because the maximum rent of $10 per week was not fixed by the Housing Authority until after that period, to wit: November 8, 1948. In other words no offense was committed during the period from May 29, 1948 *12 to July 30, 1948, by this defendant or anyone else with respect to this matter and thus there is no corpus delicti on which a a prosecution can be predicated (1 Wharton, Criminal Law [12th ed.], § 346, p. 449).
While it is true that the defendant could have done many things, in the past 10 years to remedy this situation, nevertheless the failure of the defendant to act should not militate against her. “ In reason, a void judgment can gain no validity from the passage of time, and to uphold one, particularly in a criminal case, merely because of delay in attacking it, even supposing the guilt of the accused, must amount to an abandonment of the law.” (62 A. L. R. 2d 436 and cases cited.)
In the case of Waldron v. United States (146 F. 2d 145, 148 [1944]), the defendant pleaded guilty to a violation of the Federal Firearms Act, because of a certain statutory presumption which was subsequently declared to be unconstitutional. In that case it was argued by the Government that because of the lapse of the term of the District Court, the defendant was precluded from attacking the conviction and sentence entered pursuant thereto. The court said: “ But these cases do not
apply in a situation where the judgment is void on its face and an inspection of the record discloses that the court was without jurisdiction to enter the judgment. The old inflexible rules of the common law should not and cannot be adhered to where human rights and liberties are endangered, especially rights and liberties guaranteed by the Constitution of the United States.”
In United States v. Shaw (118 F. Supp. 849, 850 [1953]), the defendant was incorrectly indicted for failure to report for induction into the Armed Forces of the United States. The defendant had attained the age of 26 years prior to the issuance of the order of induction and had not consented to induction. Nevertheless, the defendant in error or ignorance threw himself on the mercy of the court, pleaded guilty, and actually served a two-year sentence. He then petitioned the court to set aside the judgment of conviction. In granting the petition the court stated:
“ The matter comes to this Court practically as a writ of error coram nobis. Defendant includes in his petition an excuse for having entered a plea of guilty by reason of his failure to know his right to counsel; that he had no advice of counsel; that he informed the United States attorney and a court employee of his age, but that they either did not know the draft age limitation or declined to advise defendant with respect thereto * # *.
*13 “ Defendant now suffers from the judgment improperly obtained. The conviction which he suffered was not in accordance with law. He has served his sentence, but to dismiss defendant’s petition as moot would not square with our standards. Fiswick v. United States, 329 U. S. 211".
The United States Circuit Court of Appeals, 10th Circuit (1954), also upheld the contention that a sentence based upon a plea of guilty to an indictment which stated no offense, was subject to attack by a motion to vacate. (Marteney v. United States, 216 F. 2d 760.)
We have travelled far since the days of the old common law, where technicians in pleading often thwarted justice. Our present procedural rules and practices have been enacted to shield all of us with equal opportunities for the just adjudication of our rights. They were not enacted to become a sword to cut down the rights of the ignorant and unwary. Certainly where a court sits to hear petitions for writs of error coram nobis, errors in form or procedure should not preclude a petitioner from obtaining a just remedy.
As Mr. Justice Stevens so well said in People v. Glass (201 Misc. 460, 464 [1952]) in granting a writ 14 years after conviction in a bigamy case: ‘ ‘ While there is an understandable reluctance to extend the scope of the writ, we are of the opinion that mere lapse of time is not sufficient to bar the assertion of a right in a case where a factual situation such as that here presented prevails. In the case before us while the indictment on its face apparently charges a crime, conclusive documentary evidence presented indicates that no crime was committed, within the terms of the accusation. Nor do we think it will serve to divest a court of original jurisdiction of that power inherent in it to set aside a void judgment of conviction to promote basic justice.”
That is apparently the situation in the case before us. Conclusive documentary evidence indicates that no crime or offense was committed within the terms of the accusation.
The decision of the court below in denying the writ of error coram nobis is therefore reversed; the writ is granted, complaint dismissed, judgment of conviction and the sentence imposed pursuant to said judgment are vacated, and defendant is acquitted and discharged.
Concur — Gassman, P. J., and Dunaif, J.
Order reversed, etc.