Arthur A. Klotz, J.
This is a summary proceeding for nonpayment of rent for the period September 19 to November 27, 1959 at the rate of $18 per week. The tenant admits not *785 paying the rent but claims that the landlord is not entitled to collect it because no rent for the accommodations involved has been fixed by the Temporary State Housing Rent Commission.
The present landlord purchased the premises in or about the month of June, 1959, with the intent of demolishing the building. The tenant paid the rent of $18 per week to the prior landlord and to the present one until the week of September 19, 1959.
Section 21 of the State Bent and Eviction Regulations provides that the State Rent Administrator may establish the maximum rent in accordance with section 36 of the said regulations where a proper registration statement has not been filed by the landlord.
Section 36 of the said regulations provides that, where a landlord has failed to file a proper and timely registration statement, the State Rent Administrator may at any time upon written request of either party or on his own initiative issue an order determining the maximum rent. The State Rent Administrator’s order may also contain a directive that all rent collected by the landlord in excess of the maximum rent established pursuant to section 36 of the State Rent and Eviction Regulations be refunded to the tenant within 30 days after such order shall become final.
The rent of $18 per week paid by the tenant to the previous landlord and to the present one since June of 1959 is not unlawful but a tentative rent (Weiderman v. Recklinghausen, 278 App. Div. 289).
If dissatisfied with the rental charged the tenant has a remedy by applying to the Temporary State Housing Rent Commission to have the maximum rental fixed for the premises in question.
Accordingly, a final order is granted in favor of the landlord with judgment for the landlord in the sum of $180; five days’ stay.