DAVID GARCIA et al., Respondents, v. GEORGE DEIBERT, Appellant.

First Department, April 26, 1960.

350

*Bennett I. Schlessel* for appellant.

*Lloyd I. Isler* of counsel (*Loughran, Walsh, Condello & Isler*, attorneys) for respondents.

VALENTE, J. In the first cause of action, of a complaint containing three alleged causes, plaintiffs sought to recover payments claimed to have been made in excess of the legal maximum rent for an apartment (1C) occupied by them on the third floor of premises 4 West 90th Street, New York City. It appears that during the period from June, 1957 through August, 1958, plaintiffs paid a monthly rental of $125 whereas, they now claim, the legal maximum rent for that period was $41.50 per month as fixed by the local rent office on December 29, 1948. Plaintiffs have been awarded partial summary judgment on their first cause of action, although their application was denied as to the second and third causes, which, respectively, seek treble damages and reasonable counsel fees.

Significantly, except to allege and aver that they occupy apartment 1C on the third floor of the premises, plaintiffs have not in their complaint or affidavits disclosed any further data as to the nature and type of accommodations they occupy. Nothing is shown by them as to the number of rooms, the nature of the equipment supplied by the landlord or the character of the services appertaining to the apartment; nor is there any attempt made to equate the apartment presently occupied with the accommodations as they existed when the local rent office fixed the maximum legal rent of $41.50 per month.

In contrast, defendant has averred that in January, 1953 the third floor of the building consisted of an apartment of four rooms and the then owner sought permission to convert the floor into two apartments of two rooms each. Moreover, the defendant avers that in May, 1955 the building was completely vacant. At that time the owner made extensive alterations throughout the entire building including the addition of two new floors to the premises. The certificate of occupancy dated October 31, 1956, filed after the completion of the alterations, showed the existence of two apartments on the third floor. It was not until December, 1956 that plaintiffs rented new space and first came onto the premises.

In order for plaintiffs to recover on the theory that the rent charged exceeded the maximum legal rent, it is incumbent upon them to establish that the apartment for which the rent was paid is the same accommodation for which the rent had been fixed; for the rent figure filed in 1948 is controlling only for the specific accommodations for which it was established and not for new or different accommodations. (*Weiderman* v. *Recklinghausen,* 278 App. Div. 289, affd. 303 N. Y. 633; *De Jesus* v. *Greenland Holding Corp.,* 21 Misc 2d 783; *Powless* v. *Romney,* 207 Misc. 449; *Del Fuoco* v. *Matteson,* 202 Misc. 247; *Lyon* v. *Thompson,* 199 Misc. 527, 530; *Campbell* v. *Stilson,* 21 Misc 2d 779; *Maddox* v. *Arch Realty Corp.,* 21 Misc 2d 786.)

Clearly from the nature of the vicissitudes of the premises, including the changes of the third floor, a triable issue was presented as to whether the apartment involved in the instant suit constitutes the same accommodations for which the prior maximum rent was stabilized. That issue should have precluded any partial summary judgment.

While *Powell* v. *Park Lex. Realty Corp.* (280 App. Div. 136, affd. 304 N. Y. 960) is pertinent, it is not controlling. There the tenant was allowed to recover for a rent overcharge. However, the determination was made after a *trial,* and not on affidavits. But apart from that vital difference, it appears both from the opinion of the trial court and the briefs of counsel in this court, that the real question in that case was whether the alterations in the concededly same apartment, for which the maximum rent had been fixed, had resulted in a decontrol of the accommodations. Since the alteration consisted of the insertion of a partition in the living room of the apartment, so as to provide for two narrow rooms in the place of the original larger room, it was clear that no new accommodations were created and the reversal of the finding of decontrol was inevitable. (See *Matter of Boss* v. *Caputa,* 9 A D 2d 730.)

Apparently the courts below were unduly influenced by, and gave too conclusive an effect to the denial by the Rent Administrator of the landlord's antecedent application for a decontrol of the premises made pursuant to section 11 of the State Rent and Eviction Regulations. Although that determination was relevant, it was not *res judicata* as to the issue presented in the instant suit, viz., whether there had been established a sufficient identity between the apartment now occupied by plaintiffs and the accommodations for which the maximum rent had been fixed in 1948.

Under section 11, no decontrol may be obtained unless additional housing accommodations are created even though there

may be material alterations which change the accommodations. (*Matter of Boss* v. *Caputa, supra.*) Hence, although the determination of the Rent Administrator denying decontrol is conclusive that no additional housing was created insofar as the third floor of the premises is concerned, it is not decisive on the issue of whether the accommodations are the same as the ones for which the registration statement was filed.

The State Rent and Eviction Regulations provide an adequate remedy to tenants circumstanced as the plaintiffs to prevent the exaction of unreasonable rents. Under section 21, the Rent Administrator may establish the maximum rent in accordance with section 36 where a proper registration has not been filed by the landlord. Moreover, pursuant to section 36, the Administrator, at the behest of either the tenant or landlord, or on his own initiative, can issue an order determining the maximum rent of the claimed new accommodations. What is more, such an order can include a directive that rents paid in excess of the maximum rent so fixed be refunded to the tenants within 30 days of the effective date of the order. (See *Wallbank Realty Corp.* v. *Smith,* 21 Misc 2d 784.)

None of these procedures was adopted by the parties herein. Since plaintiffs have not seen fit to avail themselves of the remedies afforded by section 36 of the State Rent and Eviction Regulations, but, instead, have relied solely upon the maximum rent fixed in 1948 as the predicate of their cause of action, they may recover, under the cases cited, *supra,* only if the identity of the accommodations is established. Failure of defendant to file a new registration statement or to make application under section 36 of the regulations does not make defendant automatically liable for the claimed overcharge or establish that there was an overcharge. (*Weiderman* v. *Recklinghausen,* 278 App. Div. 289, 291, *supra.*)

Since the papers present a triable issue as to the crucial question of the identity of the accommodations, summary judgment should have been denied. (See *Sillman* v. *Twentieth Century-Fox,* 3 N Y 2d 395, 404.)

The determination of the Appellate Term and the order and judgment of the City Court should be reversed, on the law, with costs to appellant, and the motion for summary judgment denied.

STEVENS, J. (dissenting). The appellant, landlord of premises 4 West 90th Street, New York City, appeals from an order which granted summary judgment to the plaintiffs, tenants of apartment 1C, in their first cause of action for rental over-

charges. The appellant asserts that summary judgment should not have been granted because there is no proof that the subject accommodations are the same for which a registration of maximum rent was filed in 1943.

Plaintiff Lichtner asserted that he occupies apartment 1C in the premises and attached to his moving affidavit a registration certificate certified as of November 26, 1958, showing the maximum rent as of March 1, 1943 for apartment "3rd fl. frt. (1C)", a dwelling unit of two and one-half rooms, to have been $35. The certificate shows that on December 29, 1948, the rent was increased to $41.50 and indicates as well the services supplied in 1943 and 1948.

In his affidavit in opposition, the defendant asserted that the prior owner had gutted and entirely renovated the building at a cost of $57,000. He states that the Building Department records for 1953 show only one four-room apartment on the third floor, and that the prior owner in 1956 created two apartments on the third floor by subdividing it into two units. The fact remains, according to the certificate, that a two and one-half-room apartment on the third floor, designated 1C, existed on and subsequent to March 1, 1943, for which a maximum rental was fixed.

The former owner made application for decontrol of premises 4 West 90th Street, New York City, pursuant to section 11 of the regulations, claiming there had been structural changes in the residential units, involving substantial alterations or remodeling which resulted in additional housing. September 17, 1957, the Local Rent Administrator issued an order which granted decontrol of the fourth and fifth floors, but denied it as to the first, second and third floors, except for apartment 1A on the first floor which was found not subject to rental control pursuant to subdivision 4 of section 9 of the regulations (housing accommodations created by a change from a nonhousing to a housing use after February 1, 1947).

October 17, 1957, a protest was made and by order dated January 16, 1958, the proceeding, to which these plaintiffs were parties, was remanded to allow the landlord to produce evidence concerning the alleged substantial alterations on the first, second and third floors. By order issued June 26, 1958, entitled "Order Pursuant To Remand (Maximum Rent)" with specific reference to apartment "1C, 3 fl. frt.", the previous order of September 17, 1957, was affirmed. This, in effect, was a direct finding that the apartment in question was not a newly-created housing accommodation, and negatives defendant's argument that two whole new apartments were created on the third floor. No proceeding to review under article 78 was instituted. The

description in the registration of 1943, and the description in the order of June 26, 1958, refer to apartment 1C, third floor front. It thus appears that accommodations embracing the same space did exist prior to the certificate of occupancy dated October 31, 1956, referred to in defendant's affidavit which listed " Two (2) apartments on each story " from the first to fifth inclusive.

The identity of description, the rejection by the Administrator of defendant's argument that the premises are exempt because the housing accommodations were completed on and after February 1, 1947, the absence of assertion in defendant's affidavit of substantial alterations, improvements or services different from those shown to have been rendered in 1943, by reason of which the rent previously fixed might cease to be applicable (see *De Jesus* v. *Greenland Holding Corp.,* 21 Misc 2d 783) persuades us that there is an identity of accommodation, and that there is no triable issue. Moreover, the issue of new and additional housing having been considered and resolved in the appropriate forum, and the defendant having elected not to seek judicial review, he should not, in this proceeding, be permitted to mount a collateral attack upon the Administrator's ruling by way of defense.

If it were represented to defendant that this apartment was never registered or not subject to rent control, it may well be that he is not without a remedy (see *Saklaris* v. *Evangelista,* 21 Misc 2d 781) but that would not relieve him from the responsibility for overcharges where the contrary is found to be the fact. If defendant believed the apartment was never registered it may be that there was a duty to file a registration statement under subdivision 4 of section 21 of the State Rent and Eviction Regulations, though we do not so hold for that is not before us.

Appellant places great stress upon *Weiderman* v. *Recklinghausen* (278 App. Div. 289, affd. 303 N. Y. 633) but in that case tenant failed to show that a maximum rent less than that paid by the tenant had been fixed by the Rent Administration. The initial registration covered only a portion of the apartment in question and " set forth that certain equipment and services included with the housing accommodation were on a share or joint basis or arrangement between the Huntings and the defendant landlord " (p. 290). The then tenant had the exclusive use of one of the five rooms of the apartment, the landlord had the exclusive use of one, and the remaining three were shared jointly as to uses and services. The registration statement showed only four rooms rented to the Huntings with the aforesaid limitations. It is clear then that no registration

statement covering the entire apartment with exclusive use to the tenant had ever been filed, nor a maximum rent fixed therefor.

Even the addition of furniture and the furnishing of light and gas for cooking has been held not to create a new and different accommodation and the landlord may not collect more than the established maximum rent unless and until an order therefor is issued (*Strunk* v. *Hayes,* 281 App. Div. 1006; *Baum* v. *Crosfield,* 279 App. Div. 1088 [changing an unfurnished to a furnished apartment]; *Laveist* v. *Roberts,* 21 Misc 2d 785; State Rent & Eviction Regulations, § 21, subd. 4). Compare *Powell* v. *Park Lex. Realty Corp.* (280 App. Div. 136, affd. 304 N. Y. 960), where the erection of a partition which divided a living room into two smaller rooms, without thereby increasing the floor space, was not considered a substantial alteration, or the creation of additional housing. The argument that the apartment was rented for business purposes and was decontrolled was rejected.

Conversely, even if there is a decrease in services, it has been held that the maximum rent continues until altered by order of the Administrator (*Penner* v. *Geller,* 193 Misc. 821).

*Maddox* v. *Arch Realty Corp.* (21 Misc 2d 786) is not applicable (see State Rent & Eviction Regulations, § 21, subd. 4), nor is *De Jesus* v. *Greenland Holding Corp.* (*supra*) for there the majority found, one Justice dissenting, " substantial alterations were made which improved the apartment with a kitchenette and a combination shower and toilette " (p. 784).

Accordingly, I dissent and vote to affirm the judgment appealed from.

RABIN, J. P., and McNALLY, J., concur with VALENTE, J.; STEVENS, J., dissents and votes to affirm in opinion in which M. M. FRANK, J., concurs.

Determination of the Appellate Term, and the order and judgment of the City Court, are reversed, on the law, with costs to appellant in this court and in the Appellate Term, and the motion for summary judgment denied.